Mr. Justice Thachek
delivered the opinion of the court.
Writ of error to Lowndes county circuit court.
The declaration contains a special count upon a promissory note, and also common counts. The instrument sued on is in the following words: “I am to give Robert D. Sale $650 for the year 1840. Harden Hariston.” Plea, general issue. It was admitted, on the trial, that the note or memorandum sued on was given in consideration of Sale’s services on the plantation of Hariston, for the year 1840. It was proved that sale was absent from the plantation nearly the whole of the month of December, 1840, without the knowledge or consent of Hariston; but that he procured a substitute during that time, who conducted the business equally as well as he could himself have performed it. A verdict and judgment were rendered for the *640 full amount of the sum claimed in the action; and a motion for a new trial was overruled.
The strict rule of law, governing contracts, has been much relaxed in this country in relation to those made between employer and overseer. In South Carolina, it has been held that a contract for overseer’s wages is not an entire contract, by the year; but that although an overseer had contracted for a year, and was turned off for misconduct, he might, notwithstanding, recover for the time he conducted himself properly. Byrd v. Boyd, 4 McCord, 246; Ib. 249; Ib. 26. We are inclined to adopt this principle of decision. In this case, Sale was undoubtedly entitled to recover for the period of time that he himself was engaged upon the plantation ; but there being no evidence that the services of his substitute were received by Hariston, there was no warrant for the finding for the full time. An overseer, having been once engaged, cannot put another in his place, however equal to himself in capacity, without the consent of his employer.
On account of the excess of the finding, the judgment of the circuit court must be reversed, and a new trial granted.